**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| In re: | Chapter 7 |
|---|---|
| Michael William Park, | Case No. 24-20960 (JJT) |
| Debtor. | |
| Michael William Park, | Adv. P. No. 25-02002 (JJT) |
| Plaintiff, | Re: ECF Nos. 29, 38, 39, 49 |
| v. | |
| United States Department of Education, EdFinancial, and New York Institute of Technology, | |
| Defendants. | |

**MEMORANDUM OF DECISION**
**DENYING MOTION FOR SUMMARY JUDGMENT**

Before the Court is the Motion for Summary Judgment (Motion, ECF No. 29) filed by Defendants United States Department of Education (DOE) and New York Institute of Technology (NYIT).[1] In the Motion, the Defendants seek judgment in their favor on Debtor–Plaintiff Michael William Park's Complaint (ECF No. 1), which in turn seeks the discharge of the Debtor's student loans held by the

---

[1] EdFinancial acted as servicer of the loans held by the DOE and is not a proper defendant. Accordingly, the Court dismisses EdFinancial from this Adversary Proceeding.

Defendants. Because there are genuine disputes as to material facts, the Court denies the Motion.

1. Background

The Debtor was formerly a student in NYIT's College of Osteopathic Medicine, which he began attending in 2017. SUMF ¶ 4, 13. At the start of the second semester of his third year, the Debtor was suspended and ultimately dismissed from NYIT. SUMF ¶ 15, Ex. I. The Debtor has not been employed, other than de minimis odd jobs, since his departure from NYIT. Ex. G.

In order to finance his education at NYIT, the Debtor executed several promissory notes to garner loans from the DOE. SUMF ¶ 2, 5–9; Ex. D. ¶ 10. The outstanding balance on these DOE loans as of July 11, 2025, is $312,199.06. Ex. C. Due to his suspension from NYIT, NYIT returned $22,345.28 in student loan money to the DOE. Ex. K. The Debtor and NYIT dispute whether he remained obligated to NYIT under its tuition and refund policies for this amount based upon the timing of his separation from NYIT. Exs. K, L, M; ECF No. 39, ¶ 16.

The Debtor filed the underlying Chapter 7 case on October 8, 2024. The Debtor's discharge entered on January 22, 2025. On January 10, 2025, the Debtor commenced this Adversary Proceeding by filing the Complaint, which requests that his student loans be discharged under 11 U.S.C. § 523(a)(8).[2]

Additional material facts will be discussed as necessary.

---

[2] The submitted evidence also shows that the Debtor has engaged in the DOE's Attestation process. Ex. H. That process has apparently not resulted in any relief being provided to the Debtor.

2. Jurisdiction

The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings under 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its authority to hear and determine this matter on reference from the District Court under 28 U.S.C. § 157(a) and (b)(1) and the General Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3. Discussion

As applied by Rule 7056 of the Federal Rules of Bankruptcy Procedure, Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "In doing so, [the Court] view[s] the facts, resolve[s] all ambiguities, and draw[s] all inferences in the manner most favorable to the nonmoving party." *Del Rio v. Amazon.com.dedc, LLC*, 132 F.4th 172, 176 (2d Cir. 2025).

Under 11 U.S.C. § 727(b):

> Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

Section 523(a)(8) in turn provides that a discharge under § 727 "does not discharge an individual debtor from any debt":

> unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—
> (A)
> (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
> (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]

The standard for "undue hardship," as expressed by the Second Circuit, requires that a debtor show:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for [him]self and [him] dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987). "The *Brunner* inquiry is fact intensive." *Educ. Credit Mgmt. Corp. v. Curiston*, 351 B.R. 22, 27 (D. Conn. 2006). The Defendants argue that the Debtor cannot satisfy either the second or third *Brunner* factors. The Court addresses each in turn.

Under the language of the "additional circumstances" factor, "it appears that the Second Circuit contemplated that courts would examine all of the circumstances then existing—including the debtor's mental and physical health condition,

4

preexisting or not, as well as her age—in determining whether the debtor's ability to repay her debt would persist over time." *Id.* at 29. The Bankruptcy Appellate Panel of the Ninth Circuit has identified a "nonexhaustive list of factors" to consider in the "additional circumstances" analysis, including:

1. Serious mental or physical disability of the debtor or the debtor's dependents which prevents employment or advancement;
2. The debtor's obligations to care for dependents;
3. Lack of, or severely limited education;
4. Poor quality of education;
5. Lack of usable or marketable job skills;
6. Underemployment;
7. Maximized income potential in the chosen educational field, and no other more lucrative job skills;
8. Limited number of years remaining in work life to allow payment of the loan;
9. Age or other factors that prevent retraining or relocation as a means for payment of the loan;
10. Lack of assets, whether or not exempt, which could be used to pay the loan;
11. Potentially increasing expenses that outweigh any potential appreciation in the value of the debtor's assets and/or likely increases in the debtor's income;
12. Lack of better financial options elsewhere.

*Nys v. Educ. Credit Mgmt. Corp. (In re Nys)*, 308 B.R. 436, 446–47 (B.A.P. 9th Cir. 2004) (citations and footnotes omitted).[3]

Although many of these factors seemingly weigh in favor of the Defendants, such as lack of a disability, lack of dependents, and age, others cut in favor of the Debtor, such underemployment, an inability to maximize income in the chosen

---

[3] The Attestation process elicits and weighs these circumstances and more in the DOE's administrative efforts to address the undue burdens associated with its student loans. *See* Student Loan Attestation Fillable Form, https://www.justice.gov/civil/media/1316521/dl?inline; *see also* Student Loan Discharge Guidance—Guidance Text, https://www.justice.gov/d9/pages/attachments/2022/11/17/student_loan_discharge_guidance_-_guidance_text_0.pdf.

5

educational field, and lack of assets that could be used to pay the loans. The "additional circumstances" factor requires weighing of all qualitative evidence, including perhaps evidence beyond those enumerated in *Nys*. Such weighing is inappropriate on summary judgment, particularly against the nonmovant.[4] Accordingly, genuine issues of material fact exist such that summary judgment is inappropriate on the "additional circumstances" factor.

As for the "good faith efforts" factor, it recognizes that a debtor "may not willfully or negligently cause his own default, but rather his condition must result from factors beyond his control." *Elmore v. Mass Higher Educ. Assistance Corp. (In re Elmore)*, 230 B.R. 22, 27 (Bankr. D. Conn. 1999) (cleaned up). Additionally, "good faith" is "measured by [a debtor's] efforts to obtain employment, maximize income and minimize expenses, and to undertake all other reasonable efforts to [e]nsure repayment." *Id.* (citation and internal quotation marks omitted).

Based upon information submitted by both sides, the Debtor has attempted to garner employment, to no avail. By living with a relative, he has currently minimized his expenses. But whether he willfully or negligently caused his default is not discernable from the summary judgment record, nor can the Court say one way or the other whether the Debtor's efforts to ensure repayment were "reasonable."

This last point bears more discussion. It is undisputed that the Debtor has made no payments on his student loans. The Debtor was suspended from NYIT in

---

[4] Although the Defendants argue in their reply that the undisputed facts make this analysis purely a legal one, the Court disagrees because those facts cut both ways.

6

January 2020, just before COVID-19 lockdowns occurred. The DOE then told the Debtor (and all other student loan recipients) that *no* payments would be due, which was in place from March 13, 2020, until September 1, 2023. COVID-19 Emergency Relief and Federal Student Aid, https://studentaid.gov/announcements-events/covid-19 ("If your loans were eligible, we automatically paused your loan payments and set your interest rate to 0% from March 13, 2020, until Sept. 1, 2023."). Meanwhile, "[p]ayments that were paused for COVID-19 count toward IDR payment progress if you were on an [Income-Driven Repayment (IDR)] plan during the COVID-19 payment pause." *Id.* The same was true for Public Service Loan Forgiveness. *Id.* In other words, the DOE gave credit to those borrowers in those contexts but refuses to acknowledge anything close to that here.

The Defendants nevertheless point to the Debtor's timing in filing for bankruptcy (after the pause ended) and his failure to apply for income-based repayment options. Ultimately, such might warrant a finding of a lack of good faith, *see Brunner*, 831 F.2d at 397 (noting Brunner's timing of filing and failure to request a deferment), or not, *see Educ. Credit Mgmt. Corp. v. Curiston*, 351 B.R. 22, 33 (D. Conn. 2006) (rejecting per se argument that failure to apply for income contingent repayment program precluded finding of good faith).[5] The Court, however, cannot weigh the balance of facts on summary judgment. Accordingly,

---

[5] It bears noting that the bankruptcy court's decision in *Brunner* occurred after receiving evidence (*i.e.*, not on summary judgment). *See Brunner v. N.Y. State Higher Educ. Servs. Corp. (In re Brunner)*, 46 B.R. 752, 756–58 (S.D.N.Y. 1985). The same was true in *Curiston. See Curiston v. Conn. Student Loan Found. (In re Curiston)*, No. 03-2097, 2004 WL 5200738, at *1 (Bankr. D. Conn. Dec. 22, 2004).

7

genuine issues of material fact exist such that summary judgment is inappropriate on the "good faith efforts" factor.

4. Conclusion

For the foregoing reasons, the Defendants' Motion is denied.[6] Additionally, EdFinancial is hereby dismissed from this Adversary Proceeding.[7]

IT IS SO ORDERED at Hartford, Connecticut this 24th day of February 2026.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[6] The Court notes that the parties have made no attempt to differentiate between the DOE's claim and NYIT's claim (other than the Debtor's statement that he disputes the NYIT debt) in their analyses. Accordingly, the Court has not done so here, either.

[7] *See* footnote 1 of this Memorandum of Decision.